# COURT OF APPEALS OF TEXAS.

## GALVESTON TERM, 1886.

---

### [No. 1831.]

### Tom Pruitt v. The State.

1. Assault With Intent to Murder — Charge of the Court. — Assault with intent to murder can be committed only when the assault is made with the specific intent to kill. In charging that it was sufficient to constitute the offense if the assault was made with the intent to inflict serious bodily injury, the trial court committed a fundamental error.
2. Change of Venue. — Bill of Exceptions must present the ruling of the trial court refusing an application for a change of venue, otherwise that question will not be revised by this court.

Appeal from the District Court of Bastrop. Tried below before the Hon. H. Teichmueller.

The conviction in this case was for an assault with intent to murder one Walter Moore, in Bastrop county, Texas, on the 2d day of November, 1884. A term of four years in the penitentiary was the penalty awarded.

*G. W. Jones* and *D. M. Scott*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

Willson, Judge. There is a fundamental error in the charge of the court. In effect, it instructs the jury that the offense of assault with intent to murder may be committed without a specific intent to kill, — that it may be constituted by an assault with intent to inflict serious bodily injury upon the person assaulted. Such is not the law. There can be no assault with intent to murder unless the assault was made with the specific intent to kill. (*White* v. *The State*, 13 Texas Ct. App., 259; *Harrell* v. *The State*, id., 374; *Gillespie* v. *The State*, id., 415.)

We cannot revise the action of the court overruling the defendant's application to change the venue, because the same is not pre-

sented by bill of exception. (Code Crim. Proc., art. 584; *Bowden v. The State,* 12 Texas Ct. App., 246.)

We will not determine other questions discussed by counsel for appellant, because they are of a character not likely to occur on another trial, and are furthermore not material. The judgment is reversed and the cause is remanded.

*Reversed and remanded.*